No. 135 February 19, 2026 391

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
BLAINE EDWARD SNYDER,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR47171; A184042

Kathleen E. Johnson, Judge.

Submitted January 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction. On appeal, in his sole assignment of error, he challenges a provision that appeared for the first time in the money award section of the judgment, which states: "The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order."

In *State v. Martinez*, ___ Or App ___, ___, ___ P3d ___ (Feb 18, 2026) (slip op at 7), also issuing today, we held that the trial court erred when it included an identical provision in the defendant's judgment. We explained that, while a criminal defendant has a right to have their sentence announced in open court, a judgment may be modified in the defendant's absence when the modification is "administrative," that is, it occurs entirely by operation of law and does not involve disputed facts or the exercise of discretion by the sentencing court. *Id.* at ___ (slip op at 2). We concluded that the challenged provision did not accurately state the law concerning the amounts that may be added to a defendant's debt, because the court is required to impose specified collection fees under ORS 1.202(1) or (2), and the statute did not authorize the addition of any "other assessments" to a defendant's debt. *Id.* at ___ (slip op at 7). Consequently, the portion of the provision inaccurately stating that "and other assessments" and "and assessments" may be added to a defendant's debt did not qualify as an administrative modification that may be included for the first time in the judgment. *Id.* We concluded further that, because the trial court had no authority to enter a provision in the judgment that misstates the law, and there were no sentencing options that the trial court could permissibly adopt regarding that error, the appropriate remedy was to remand with instructions to delete the erroneous terms from the judgment. *Id.* at ___ (slip op at 7-8).

We reach the same result here as we did in *Martinez*. We therefore reverse the portion of the judgment related to adding assessments to the total amount owed by defendant and remand to the trial court for entry of an amended

judgment deleting the terms "and other assessments" and "and assessments" from the judgment.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.